IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHURMAN L. DORAN,
aka SHERMAN L. DORAN,
aka SHURMAN L. DORAN-BEY,[1]

       Plaintiff,

                CIVIL ACTION
   vs.            No. 05-3400-SAC

ROGER WERHOLTZ, et al.,

       Defendants.

### ORDER

This matter is before the court on a civil rights complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Pursuant to 28 U.S.C. 1915(b)(1), plaintiff must pay the full $250.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf

---

[1]The court modifies the caption to reflect the spelling of plaintiff's name in his Kansas conviction and in other cases filed by plaintiff in this court.

must first be applied to plaintiff's outstanding fee obligations,[2] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

In this action, plaintiff seeks declaratory judgment, injunctive relief, and damages for defendants' alleged mishandling of plaintiff's legal materials and requests for court payments, and defendants' alleged denial of materials to satisfy the requirements for filing pleadings in the state courts. Plaintiff also alleges defendants' mishandled his administrative grievances.

To allege a valid claim under 42 U.S.C. 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). Thus to the extent plaintiff claims defendants violated state prison regulations, no cause of action under 42 U.S.C. 1983 is stated.

---

[2] See Doran-Bey v. Simmons, Case No. 00-3048-GTV (remainder of $150.00 district court filing fee); Doran-Bey v. Simmons, Case No. 00-3089-GTV (remainder of $150.00 district court filing fee); Doran-Bey v. Bruce, Case No. 03-3174-GTV ($150.00 district court filing fee).

The Supreme Court has recognized that a prisoner's fundamental right of access to the court requires prison authorities to assist prisoners in the preparation and filing of meaningful legal papers by providing adequate law libraries or legal assistance. Bounds v. Smith, 430 U.S. 817, 828 (1977). To prevail on an access to courts claim, however, a plaintiff must show that he suffered "actual injury" due to the interference with his right of access. Lewis v. Casey, 518 U.S. 343 (1996).

In the present case, plaintiff neither alleges nor provides evidence of any actual injury suffered due to the alleged mishandling or denial of legal materials. Plaintiff cites two civil cases he filed in the state courts, but identifies no prejudice in either case that occurred as a result of defendants' alleged misconduct.[3] Plaintiff also cites his pending state appeal, but discloses no prejudice in that matter that resulted from the denial of his request for copies and "legal stationery."[4]

---

[3]The administrative response states the Accounting Department followed established procedures in response to a court order for payment, and that insufficient funds thereafter remained to honor plaintiff's request for other court payments. Although plaintiff disputes the timing of the court ordered payment and his specific requests for money orders, no actual prejudice to his state district court cases is alleged. Nor does plaintiff identify the nature of the claims asserted in the two state court actions. *See* Carper v. DeLand, 54 F.3d 613, 616-17 (10th Cir. 1995)(right of access to courts extends only to preparation and filing of habeas corpus petition or to initial civil rights complaint challenging conditions of confinement); Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir. 1992)(prison officials cannot affirmatively hinder a prisoner's attempts to prosecute a nonfrivolous claim).

[4]Plaintiff complains he was required to use the backside of administrative grievance forms, and was not allowed copies beyond the limit set for indigent prisoners. No apparent prejudice in plaintiff's pending state court appeal resulted.

To the extent plaintiff contends defendants did not properly handle or respond to plaintiff's administrative grievances, no cognizable constitutional claim is presented for purposes of stating a claim for relief under 42 U.S.C. 1983. Grievance procedures do not "give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(quotation omitted); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)(no due process claim in handling of prison grievance violated due process fails because "no legitimate claim of entitlement to a [prison] grievance procedure"). Here, plaintiff's allegations reflect no atypical or significant hardship in relation to the ordinary incidents of prison life that resulted from the alleged mishandling of his administrative grievances and appeals, and there is nothing to indicate defendants' administrative review of plaintiff's grievances affected the length of plaintiff's sentence in any manner. *See generally* Sandin v. Conner, 515 U.S. 472, 484, 487 (1995)(discussing circumstances creating a liberty interest protected by due process).

Plaintiff also provides a copy of a habeas corpus petition drafted for submission to the Reno County District Court, wherein plaintiff raises the same or similar claims to the allegations presented in the instant complaint. Plaintiff does not indicate whether this state court pleading has been filed, and if so, whether it is still pending in the state courts. *See* Allen v. McCurry, 449 U.S. 90, 94 (1980)(doctrine of res judicata precludes relitigation of claims that were, or could have been, litigated in a prior action).

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed for the reasons stated by the court. *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed for the reasons stated by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge